GUILLERMO FERNÁNDEZ PÉREZ ET AL., Plaintiffs and Appellants-Appellees, v. FÉLIX LUYANDO ET AL., Defendants and Appellees-Appellants.

No. 5947. Argued February 2, 1933.—Decided May 11, 1934.

*H. Torres Solá* for appellants and appellees.  *A. Marín Marién* for the spouses Luyando Ramos.

Mr. Justice Wolf delivered the opinion of the court.

Félix Luyando and his wife owed $1,000 to Guillermo Fernández Pérez and $2,000 to Antonio Fernández Pérez and to secure the debt Félix Luyando and his wife executed a mortgage to the Fernández brothers on a piece of property described in the complaint. Thereafter Luyando and his wife sold the property to Ramón Díaz Díaz, who sold it to Vicente Tellado, who in turn sold it to Ulpiano Hernández.

The mortgage debt matured and was not paid. Thereupon Guillermo and Antonio Fernández presented an ordinary action against Ulpiano Hernández who was the actual possessor of the property and against Félix Luyando, as original debtor. The complaint recited that the property was not worth more than $1,500, a fact which the evidence at the trial tended to prove.

The theory of the complaint evidently was that the mortgaged property should respond for the debt, so far as it could, and that Luyando, the original debtor, should be held to pay the balance.

The District Court of San Juan, following the decision of this court in *Malgor & Co.* v. *Chivillés, Succrs., S. en C.,* 42 P.R.R. 441, held that the complaint did not state a cause of action with regard to Luyando. The theory of the court, following that case, was that until the property was sold in execution, the action against Luyando was premature. The case was one where we held in effect that before any personal obligation in another could arise, the property must be sold. We can not agree that the case may be distinguished.

While under the facts the same decision might be reached on another ground, yet the case squarely decides that no cause of action arises until there has been a sale. The decision was correct, but the opinion can not be held to prevail where an ordinary action is begun both against the property and against another person also responsible, here the original debtor. The following authorities tend to support this conclusion: *Successors of Hilario Santos* v. *Morán*, 32 P.R.R. 55; *Trueba et al.* v. *Rosales & Co. et al.*, 33 P.R.R. 986; *Molina* v. *Pascual*, 42 P.R.R. 645; 42 C. J. 296, note 25.

It is clear, as appellants point out, that a mortgage is subsidiary to the principal obligation (section 1758 of the Civil Code, Comp. of 1911) and that the obligation of Luyando remains unsatisfied and demandable until paid. Of course, the Fernández brothers might have elected to forego their mortgage right entirely and have begun a proceeding exclusively against Luyando. This they did not do. They began an ordinary mortgage proceeding against Hernández and included Luyando as a personal debtor. Therefore, while we think the case must be reversed and that the action was not premature, yet, the Fernández brothers are not entitled to an absolute judgment against Luyando, and did not ask for it. What they should obtain in this case under the form of their action and the prayer thereof is a judgment against the mortgaged property and a deficiency judgment for the balance of the debt not covered by the sale. In other words, the judgment should be reversed and another rendered whereby the mortgaged property should, according to law, be sold at execution and Félix Luyando be ordered and adjudged to pay any deficiency which may arise from the sale of the property.

MR. JUSTICE ALDREY, dissenting.

Félix Luyando acknowledged to be owing a certain sum of money to Guillermo and Antonio Fernández Pérez and to secure this indebtedness he mortgaged a piece of property

belonging to him, which, after several successive sales, is now owned by Ulpiano Hernández. When that obligation matured and was not paid, the Fernández Pérez brothers brought an ordinary action against the present owner of the property, Ulpiano Hernández, to recover the amount of their credit out of the proceeds of the sale of the mortgaged property, and also against the original debtor Félix Luyando, to recover whatever deficiency might arise from such sale.

There is no doubt that the Fernández brothers have as against Luyando the right of action which they attempted to enforce, but the filing of the suit against him was premature, in accordance with the holding of this court in *Malgor & Co.* v. *Clivillés & Co., Succrs., S. en C.,* 42 P.R.R. 441, for the reasons stated therein, for until the mortgaged property is sold at public auction it can not be known whether any deficiency exists which must be paid by Luyando. Until the happening of that event, it can not be determined whether Luyando is bound to pay anything, or if so what is the amount of such payment. It is possible that the proceeds of such sale may be large enough to cover the full amount of the mortgage debt, in which case no liability would attach to Luyando. Hence, until Luyando's liability for the difference between the money obtained at the execution sale and the amount of his indebtednesss is fixed, i. e., until the amount of such deficiency is known, no action against him may be brought, nor can he be compelled to incur the expenses of a suit, wherein it may not be asserted that he is bound to pay any deficiency to the Fernández brothers, nor consequently how much he must pay to them.

That the foregoing conclusions are correct is shown by the majority opinion, for it contains no express pronouncement against Luyando adjudging him to pay a definite sum to the Fernández brothers but only a direction to pay a future and uncertain amount in the event the proceeds of the sale are insufficient to cover the total amount of the mortgage credit and a balance or deficiency remains unpaid.

Thus, he is adjudged to pay without determining or ascertaining whether he is really bound to pay anything at all, nor the precise amount to be paid. A judgment has been rendered that cannot be executed at present and perhaps may never be executed, as it is subject to a future and uncertain condition which may never arise.

For the reasons stated, I am of the opinion that the judgment appealed from which held that the action of debt against Luyando and his wife was premature, should not have been reversed.